UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MATTHEW ETZENHOUSER, *et al.*,

        Plaintiffs,

   v.

THOMAS J. VILSACK,
Secretary of Agriculture, *et al.*,

        Defendants.

Case No. 23-cv-3539 (JMC)

**MEMORANDUM OPINION**

Plaintiffs Matthew Etzenhouser and Taiga S. Rohrer, individually and as proposed putative class representatives, brought this action against Thomas J. Vilsack, the Secretary of the Department of Agriculture (in his individual and official capacities), and former Deputy Secretary Jewel Bronaugh (in her individual capacity only), asserting claims under the Religious Freedom Restoration Act (RFRA) and Title VII of the Civil Rights Act of 1964. *See* ECF 1, 27.[1] In July 2024, Defendants filed motions to dismiss Plaintiffs' amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF 32, 33.[2] To date—four months later— Plaintiffs, who are represented by counsel, have neither filed an opposition to Defendants' motions nor requested an extension of time to do so. And they have not filed anything else on the docket or taken other steps to prosecute this case since Defendants moved to dismiss. Because Plaintiffs have

---

[1] Unless otherwise indicated, the formatting of citations has been modified throughout this opinion, for example, by omitting internal quotation marks, emphases, citations, and alterations and by altering capitalization. All pincites to documents filed on the docket in this case are to the automatically generated ECF Page ID number that appears at the top of each page.

[2] Defendants in their individual capacities move to dismiss Plaintiffs' complaint for lack of subject matter jurisdiction and failure to state a claim. ECF 32. They also claim qualified immunity, but the Court need not address that argument given the posture and resolution of this case. Defendant Vilsack in his official capacity moves to dismiss for failure to state a claim and, in the alternative, for summary judgment. ECF 33. The Court resolves Defendant's motion to dismiss and need not (and does not) consider his alternative motion for summary judgment.

1

failed to respond to Defendants' motions to dismiss, the Court **GRANTS** Defendants' motions as conceded and **DISMISSES** the case without prejudice.

Local Civil Rule 7(b) requires an opposing party to file a memorandum of points and authorities in opposition to a motion within 14 days of the service of the motion, or "the Court may treat the motion as conceded." LCvr 7(b). Defendants moved to dismiss Plaintiffs' complaint on July 22, 2024, making Plaintiffs' response due on August 5, 2024. That deadline has come and gone with no word from Plaintiffs.

Accordingly, the Court grants the Individual-Defendants' motion to dismiss Plaintiffs' RFRA claims for lack of subject matter jurisdiction as conceded. In response to a Rule 12(b)(1) motion, Plaintiffs have the burden to establish that the Court has subject matter jurisdiction. *See, e.g.*, *Berman v. Fed. Election Comm'n*, No. 23-CV-01017, 2024 WL 3887373, at *2 (D.D.C. Aug. 20, 2024) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). Having filed no response at all, Plaintiffs have not satisfied their burden.

With respect to Defendants' Rule 12(b)(6) motions, the Court acknowledges that the D.C. Circuit has recognized some tension between the Federal Rule, which places the burden of persuasion on the moving party, and Local Rule 7(b) that permits the Court to grant such a motion where a plaintiff fails to respond. *See Cohen v. Bd. of Trs. of the Univ. of the Dist. of Columbia*, 819 F.3d 476, 480, 481 (D.C. Cir. 2016). Nonetheless, it has consistently found that a district court does not abuse its discretion in granting a motion to dismiss as conceded, provided that the dismissal is without prejudice. *Id.* at 484; *see also Wash. Alliance of Tech. Workers v. U.S. Dep't of Homeland Sec.*, 892 F.3d 332, 344 (D.C. Cir. 2018) (observing that "[w]e have endorsed dismissing a complaint pursuant to Local Rule 7(b) if the plaintiff failed to timely file a response in opposition to the defendant's FRCP 12(b)(6) motion to dismiss"); *Jordan v. Ormond*,

No. 15-7151, 2016 WL 4098823, at *1 (D.C. Cir. July 22, 2016) (per curiam) (holding that "[t]he district court did not abuse its discretion in dismissing appellant's complaint pursuant to [Local Rule] 7(b)"); *Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1294–95 (D.C. Cir. 2004) (affirming the district court's dismissal of a complaint based on the plaintiff's failure to comply with Local Civil Rule 7(b) and file a timely response to the defendant's motion to dismiss); *Twelve John Does v. District of Columbia*, 117 F.3d 571, 577 (D.C. Cir. 1997) (observing that "[w]here the district court relies on the absence of a response as a basis for treating the motion as conceded, [the Circuit will] honor its enforcement of the rule"). The Court exercises its discretion to grant Defendants' Rule 12(b)(6) motions as conceded. Defendants raise fulsome legal arguments in support of their request for dismissal. The Court assumes that Plaintiffs concede the merits of Defendants' positions since they have filed no responsive pleadings or taken any actions that demonstrate their interest in continuing to pursue this litigation, even though they are represented by counsel.

Accordingly, the Court will **GRANT** Defendants' motions to dismiss, ECF Nos. 32 & 33, and **DISMISS** the case **WITHOUT PREJUDICE**. A separate order accompanies this memorandum opinion.

**SO ORDERED.**

                                                                                          _____
                                                                                          JIA M. COBB
                                                                                          United States District Judge

Date: November 22, 2024